UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAIME MONTOYA-SANCEN,

       Petitioner,   Civil No.: 2:20-cv-10342

          Honorable Paul D. Borman

v.

JAMES CORRIGAN,[1]

       Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY</u>**

Michigan prisoner, Jaime Montoya-Sancen ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his conviction for first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b).  Respondent filed an answer in opposition arguing, among other things, that the petition was not timely filed in accordance with the statute of limitations contained

---

[1] The proper respondent in a habeas action is the petitioner's custodian.  *See* Rule 2(a), Rules Governing Section 2254 Cases, 28 U.S.C. § 2254.  Petitioner is presently incarcerated at the Chippewa Correctional Facility where James Corrigan is the Warden.  The Court directs the Clerk of Court to amend the case caption to substitute James Corrigan as the respondent.

in 28 U.S.C. § 2244(d)(1). For the reasons stated below, the petition for a writ of habeas corpus is denied with prejudice.

## I. BACKGROUND

In October 2014, Petitioner was convicted of first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), following a Wayne County jury trial.[2] On November 4, 2014, the state trial court sentenced him to mandatory life imprisonment. Petitioner directly appealed to the Michigan Court of Appeals, which affirmed his felony-murder conviction. *See People v. Montoya-Sancen*, No. 324669, 2016 WL 901750, at *1 (Mich. Ct. App. Mar. 8, 2016). As shown by the state record, Petitioner claimed he did not file an application for leave to appeal with the Michigan Supreme Court because appellate counsel failed to inform him of the outcome of the appeal in his native Spanish language. Petitioner's lack of proficiency in English is undisputed.

On September 9, 2017, Petitioner filed a motion to reissue the opinion in the Michigan Court of Appeals. (ECF No. 11-24, PageID.1571-1574.) Petitioner asserted that reissuing the opinion would allow him to file a timely application in

---

[2] Petitioner was also convicted of and sentenced for second-degree murder, Mich. Comp. Laws § 750.317. Petitioner's conviction and sentence for second-degree murder were subsequently vacated by the Michigan Court of Appeals. *See People v. Montoya-Sancen*, No. 324669, 2016 WL 901750, at *1 (Mich. Ct. App. Mar. 8, 2016). The court of appeals remanded the case for the "ministerial task of amending the judgment of sentence." *Id*.

2

the Michigan Supreme Court. Petitioner argued that appellate counsel's failure to effectively inform him of the Michigan Court of Appeals decision and the 56-day filing rule caused him to miss the deadline and forfeit his ability to file the application. (*Id.* at PageID.1572.) Although appellate counsel promptly sent a letter with a copy of the court of appeals' decision that explained Petitioner's rights and jurisdictional deadlines, the letter was in English, not Spanish, and therefore Petitioner asserted that he was never actually informed of the outcome of his case because he could not understand the letter or the decision. (*Id.*) Petitioner asked an inmate to translate the materials for him but was incorrectly informed that his appeal had been granted. (*Id.*) Petitioner claimed to be prejudiced by appellate counsel's actions. (*Id.*)

The Michigan Court of Appeals rejected this argument and denied permission to reissue the opinion. *People v. Montoya-Sancen*, No. 324669 (Mich. Ct. App. Oct. 10, 2017) (unpublished). Petitioner then attempted appeal to the Michigan Supreme Court. On January 8, 2018, the Michigan Supreme Court denied his request on the basis that the application was untimely and the order was not a reviewable decision under the Michigan Court Rules. (ECF No. 11-24, PageID.1605.)

On May 7, 2018, Petitioner filed a motion for relief from judgment pursuant to Michigan Court Rule 6.500, *et seq*. (ECF No. 11-15.) In its December 7, 2018

3

opinion, the trial court summarized Petitioner's motion as arguing that "(1) Appellate Counsel rendered ineffective assistance by not corresponding with Defendant in Spanish following the Michigan Court of Appeals' denial of his appeal. (2) The trial court abused its discretion by failing to grant Defendant's request for an adjournment. (3) Trial counsel rendered ineffective assistance for not objecting to the absence of certain jury instructions." (ECF No. 11-20, PageID.1502.) The trial court determined that Petitioner failed to show he was entitled to relief and denied the motion. (*Id*. at PageID.1508.) Petitioner filed a motion for reconsideration, which the trial court denied for failure to demonstrate a palpable error. (ECF No. 11-22.)

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied on the basis that Petitioner "failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Montoya-Sancen*, No. 348401 (Mich. Ct. App. May 23, 2019) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied on November 26, 2019. *People v. Montoya-Sancen*, 505 Mich. 870, 935 N.W.2d 339 (2019).

Petitioner filed the present habeas petition on February 10, 2020. The Court understands that the petition raises the following claims:

4

> I. Mr. Montoya-Sancen was denied his constitutional right to the effective assistance of appellate counsel for failure to raise "dead-bang winners."
>
> II. Mr. Montoya-Sancen was denied his right to a fair trial and to present a defense where the trial court abused its discretion in denying an adjournment to secure expert witness.
>
> III. Mr. Montoya-Sancen was denied his constitutional right to the effective assistance of counsel where trial counsel failed to object to the [court not instructing the jury regarding the police departments [sic] failure to record or preserve statement as required by MCL 763.9.]

(Pet. at 6, 8-9, ECF No. 1, PageID.6, 8-9; ECF 11-15, PageID.1460, ECF No. 11-26, PageID.1788.)

Respondent filed an answer in opposition, asking the Court to deny the petition. (ECF No. 10.) One of Respondent's arguments is that the habeas petition is untimely. The Court agrees.

## II. DISCUSSION

### A. Statute of Limitations

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Court must first determine when Petitioner's conviction became "final," in order to determine when the limitations period began running. *See Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005). Petitioner does not rely on a newly recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final for purposes of the statute of limitations on May 3, 2016—56 days after the Michigan Court of Appeals affirmed his conviction on direct review. *See Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (holding that where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review

expires); 28 U.S.C. § 2244(d)(1). The limitations period expired one year later on May 3, 2017. Petitioner did not file his habeas petition until February 10, 2020—approximately 2 years and 9 months after the limitations period expired.

The one-year statute of limitations is tolled "during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi*, 562 U.S. 545, 550-51 (2011) (quoting 28 U.S.C. § 2244(d)(2)). However, Petitioner's motion for relief from judgment did not toll the limitations period because it was filed in the trial court on May 7, 2018, over a year after the limitations period had already expired. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (stating that a properly filed post-conviction motion tolls the limitations period, but it does not "restart" a limitations period that has already run). The statute of limitations was therefore not tolled under 28 U.S.C. § 2244(d)(2).

B. **Equitable Tolling**

Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). In the habeas context, to be entitled to equitable tolling, a petitioner must show "'(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784.

Petitioner makes no argument in support of equitable tolling in this Court and the record shows that he does not meet his burden to warrant such tolling.

Petitioner's English language difficulties alone provide no basis for tolling. The Sixth Circuit Court of Appeals has held that a lack of English proficiency, standing alone, is insufficient to entitle a petitioner to equitable tolling. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). *Cobas* has been construed to mean that "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel or other source." *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006). "Were this Court to allow equitable tolling because of asserted language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-English speaking. Such a result is contrary to common sense."

8

*Cruz-Rivera v. Palmer*, No. 2:16-CV-13993, 2017 WL 2213573, at *3 (E.D. Mich. May 19, 2017) (quotation marks and citations omitted) (unpublished).

An examination of the record demonstrates that language difficulties did not prevent Petitioner from accessing the courts. "[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations." *Cobas*, 306 F.3d at 444; see also *Musleh v. Harry*, No. 06-14108, 2008 WL 360644, *4 (E.D. Mich. Feb. 8, 2008) (Lawson, J.) (citing *Cobas* and rejecting similar tolling argument). After learning that his appeal was denied, Petitioner sought relief by filing a motion to reissue the opinion with the Michigan Court of Appeals, a motion for relief from judgment with the trial court, and related appeals, despite his inability to speak English. During that time frame, he also communicated with appellate counsel regarding access to transcripts and the Wayne County Circuit Court Clerk's Office to obtain his case file. (ECF No. 11-24, PageID.1722-24.) Petitioner's numerous filings and communication with his attorney show that his lack of proficiency in English has not prevented him from communicating with others and accessing the courts.

Although Petitioner's filings occurred after the AEDPA limitations period expired, Petitioner procured translation assistance during the relevant time period. For instance, Petitioner initially sought and received translation assistance from a

9

bilingual inmate when he received the letter and appeal decision from counsel. Petitioner avers in affidavit attached to his Michigan Supreme Court filings that "If not for me being misinformed of the nature of the decision on appeal, I would have immediately sought assistance for review of that decision." (ECF No. 11-24, PageID.1727.) It is evident that Petitioner had a translator available to him and knew that he could seek assistance to pursue additional legal remedies before the statute of limitations expired.

Moreover, equitable tolling is not justified because Petitioner states he relied on an erroneous interpretation of the Michigan Court of Appeals' decision. Bad advice—from a lawyer, a prisoner, a legal writing program, or anyone else is not a basis for equitable tolling. *See Birge v. Berghuis*, No. 1:14-CV-439, 2014 WL 4187671, at *1 (W.D. Mich. Aug. 21, 2014) (unpublished). Accordingly, the inmate's misinterpretation of the appeal decision is not an extraordinary circumstance.

Nor do the actions of Petitioner's attorney suffice as an extraordinary circumstance. Throughout the state court record, Petitioner blamed appellate counsel for his failure to comply with filing deadlines, including the deadline to file a federal appeal. Particularly, Petitioner argued that he was prejudiced by counsel's failure to inform him of the outcome of the Michigan Court of Appeals' decision in Spanish. Generally, "a lawyer's mistake is not a valid basis for

10

equitable tolling." *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.").

"Moreover, an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling." *Elliott v. Dewitt*, No. 00-3329, 2001 WL 523527, at *2 (6th Cir. May 8, 2001) (citations omitted). In *Elliott*, the Sixth Circuit Court of Appeals found that the petitioner was not entitled to equitable tolling, despite his argument that neither the court nor his attorney told him that the appellate court had affirmed his convictions so that he could file a timely appeal. The Sixth Circuit Court of Appeals further concluded that the petitioner bore the responsibility of monitoring the status of his appeal. *Id*. As in *Elliot*, appellate counsel's actions in this case do not justify equitable tolling.

Additionally, the Court finds that Petitioner has not diligently pursued his rights. There are other steps Petitioner could have taken to ensure his rights were preserved. For instance, after having received the letter and Michigan Court of Appeals decision, Petitioner could have requested that counsel provide a Spanish translation of the letter. Appellate counsel had utilized a translator during his meetings with Petitioner and a translation presumably could have been readily

11

obtained. (ECF No. 11-24, PageID.1725.) After being told by an inmate (incorrectly) that his appeal had been granted, Petitioner could have sought a second opinion of the letter and decision sooner; rather than wait over a year for a second inmate to review the decision. Indeed, if Petitioner believed he had been granted relief, his continued confinement should have prompted further inquiry. For these reasons, Petitioner's very minimal efforts to pursue his rights do not show diligence. *See Levy v. Osborne*, 734 F. App'x 960, 962-64 (6th Cir. 2018) (holding that one request for translation assistance and other "minimal efforts" to pursue federal habeas relief are insufficient to establish due diligence).

Finally, the United States Supreme Court and the Sixth Circuit Court of Appeals have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir.2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). Here, Petitioner makes no credible showing of actual innocence and equitable tolling cannot apply on this basis.

12

In sum, Petitioner has failed to carry his burden of showing that his case warrants equitable tolling, which is only appropriate in circumstances that prevent timely filing and are "both beyond the control of the litigant and unavoidable with reasonable diligence." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012). Therefore, the Court dismisses his petition for a writ of habeas corpus.

### III.   CERTIFICATE OF APPEALABILITY

Under Federal Rule of Appellate Procedure 22, before Petitioner may appeal the Court's decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's holding that the petition is untimely. The Court therefore denies a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus with prejudice.

The Court further **DENIES** a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Further, the Court **AMENDS** the caption to "*Jaime Montoya-Sancen v. James Corrigan*."

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
United States District Judge

Dated: January 24, 2023